1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11  ROBERT MARTINEZ,                    No. 2:12-cv-00513-MCE-JFM

12          Plaintiff,

13      v.                              PRETRIAL SCHEDULING ORDER

14  LIFE INSURANCE COMPANY OF
    NORTH AMERICA, et al.,
15
            Defendants.
16  _____/

17      After reviewing the parties' Joint Status Report, the Court

18  makes the following Pretrial Scheduling Order.

19      I.   SERVICE OF PROCESS

20      All named Defendants have been served and no further service

21  is permitted without leave of court, good cause having been

22  shown.

23      II.  ADDITIONAL PARTIES/AMENDMENTS/PLEADINGS

24      No joinder of parties or amendments to pleadings is

25  permitted without leave of court, good cause having been shown.

26      III. JURISDICTION/VENUE

27      Jurisdiction is predicated upon 28 U.S.C. § 1332.

28  Jurisdiction and venue are not contested.

1

IV.   <u>DISCOVERY</u>

All discovery, with the exception of expert discovery, shall be completed by **March 13, 2013.**   In this context, "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been obeyed.   All motions to compel discovery must be noticed on the magistrate judge's calendar in accordance with the local rules of this Court.

V.   <u>DISCLOSURE OF EXPERT WITNESSES</u>

All counsel are to designate in writing, file with the Court, and serve upon all other parties the name, address, and area of expertise of each expert that they propose to tender at trial not later than **May 13, 2013.**[1]   The designation shall be accompanied by a written report prepared and signed by the witness.   The report shall comply with Fed. R. Civ. P. 26(a)(2)(B).

Within twenty (20) days after the designation of expert witnesses, any party may designate a supplemental list of expert witnesses who will express an opinion on a subject covered by an expert designated by an adverse party.

///

///

///

---

[1] The discovery of experts will include whether any motions based on <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993) and/or <u>Kumho Tire Co. v. Carmichael</u>, 119 S. Ct. 1167 (1999) are anticipated.

2

The right to designate a supplemental expert for rebuttal purposes only shall apply to a party who has not previously disclosed an expert witness on the date set for expert witness disclosure by this Pretrial Scheduling Order.

Failure of a party to comply with the disclosure schedule as set forth above in all likelihood will preclude that party from calling the expert witness at the time of trial. An expert witness not appearing on the designation will not be permitted to testify unless the party offering the witness demonstrates: (a) that the necessity for the witness could not have been reasonably anticipated at the time the list was proffered; (b) that the Court and opposing counsel were promptly notified upon discovery of the witness; and (c) that the witness was promptly made available for deposition.

For purposes of this Pretrial Scheduling Order, an "expert" is any person who my be used at trial to present evidence under Rules 702, 703, and 705 of the Federal Rules of Evidence, which include both "percipient experts" (persons who, because of their expertise, have rendered expert opinions in the normal course of their work duties or observations pertinent to the issues in the case) and "retained experts" (persons specifically designated by a party to be a testifying expert for the purposes of litigation).

Each party shall identify whether a disclosed expert is percipient, retained, or both. It will be assumed that a party designating a retained expert has acquired the express permission of the witness to be so listed.

///

Parties designating percipient experts must state in the
designation who is responsible for arranging the deposition of
such persons.

All experts designated are to be fully prepared at the time
of designation to render an informed opinion, and give their
bases for their opinion, so that they will be able to give full
and complete testimony at any deposition taken by the opposing
party.  Experts will not be permitted to testify at the trial as
to any information gathered or evaluated, or opinion formed,
after deposition taken subsequent to designation.

Counsel are instructed to complete all discovery of expert
witnesses in a timely manner in order to comply with the Court's
deadline for filing dispositive motions.

VI.  MOTION HEARING SCHEDULE

The last day to hear dispositive motions shall be
**September 19, 2013.**  The parties shall comply with the following
filing deadlines:

| | |
|---|---|
| Dispositive motion | filed at least 8 weeks prior to hearing |
| Opposition and any cross-motion | filed at least 5 weeks prior to hearing |
| Reply and opposition to cross-motion | filed at least 3 weeks prior to hearing |
| Reply to cross-motion | filed at least 1 week prior to hearing |

The parties are directed to the Court's website for
available hearing dates.  (www.caed.uscourts.gov → choose Court
Calendar → choose Judge England → choose More Calendaring
Information)

1    All purely legal issues are to be resolved by timely
2    pretrial motions.  Failure to comply with Local Rules 230 and
3    260, as modified by this Order, may be deemed consent to the
4    motion and the Court may dispose of the motion summarily.
5    Further, failure to timely oppose a summary judgment motion[2] may
6    result in the granting of that motion if the movant shifts the
7    burden to the nonmovant to demonstrate that a genuine issue of
8    material fact remains for trial.

9        The Court places a page limit for points and authorities
10   (exclusive of exhibits and other supporting documentation) of
11   twenty (20) pages on all initial moving papers, twenty (20) pages
12   on oppositions, and ten (10) pages for replies.  All requests for
13   page limit increases must be made in writing to the Court setting
14   forth any and all reasons for any increase in page limit at least
15   fourteen (14) days prior to the filing of the motion.

16       For the Court's convenience, citations to Supreme Court
17   cases should include parallel citations to the Supreme Court
18   Reporter.

19       The parties are reminded that a motion _in limine_ is a
20   pretrial procedural device designed to address the admissibility
21   of evidence.  The Court will look with disfavor upon
22   dispositional motions presented at the Final Pretrial Conference
23   or at trial in the guise of motions _in limine_.

24   ///

25   ///

26

27       [2] The Court urges any party that contemplates bringing a
28   motion for summary judgment or who must oppose a motion for
     summary judgment to review Local Rule 260.

5

1    The parties are cautioned that failure to raise a

2 dispositive legal issue that could have been tendered to the

3 court by proper pretrial motion prior to the dispositive motion

4 cut-off date may constitute waiver of such issue.

5    VII. <u>FINAL PRETRIAL CONFERENCE</u>

6    The Final Pretrial Conference is set for **November 14, 2013,**

7 at **2:00 p.m.**  At least one of the attorneys who will conduct the

8 trial for each of the parties shall attend the Final Pretrial

9 Conference.  If by reason of illness or other unavoidable

10 circumstance a trial attorney is unable to attend, the attorney

11 who attends in place of the trial attorney shall have equal

12 familiarity with the case and equal authorization to make

13 commitments on behalf of the client.

14    Counsel for all parties are to be fully prepared for trial

15 at the time of the Final Pretrial Conference, with no matters

16 remaining to be accomplished except production of witnesses for

17 oral testimony.

18    The parties shall file, not later than **October 24, 2013,** a

19 Joint Final Pretrial Conference Statement.  The provisions of

20 Local Rules 281 shall apply with respect to the matters to be

21 included in the Joint Final Pretrial Conference Statement.  In

22 addition to those subjects listed in Local Rule 281(b), the

23 parties are to provide the Court with a plain, concise statement

24 that identifies every non-discovery motion tendered to the Court

25 and its resolution.  Failure to comply with Local Rule 281, as

26 modified by this Pretrial Scheduling Order, may be grounds for

27 sanctions.

28 ///

At the time of filing the Joint Final Pretrial Conference Statement, counsel shall also electronically mail to the Court in digital format compatible with Microsoft Word or WordPerfect, the Joint Final Pretrial Conference Statement in its entirety including the witness and exhibit lists. **These documents shall be sent to: mceorders@caed.uscourts.gov.**

The parties should identify first the core undisputed facts relevant to all claims. The parties should then, in a concise manner, identify those undisputed core facts that are relevant to each claim. The disputed facts should be identified in the same manner. Where the parties are unable to agree as to what disputed facts are properly before the Court for trial, they should nevertheless list all disputed facts asserted by each party. Each disputed fact or undisputed fact should be separately numbered or lettered.

Each party shall identify and concisely list each disputed evidentiary issue which will be the subject of a motion in limine.

Each party shall identify the points of law which concisely describe the legal issues of the trial which will be discussed in the parties' respective trial briefs. Points of law should reflect issues derived from the core undisputed and disputed facts. Parties shall not include argument or authorities with any point of law.

The parties shall prepare a joint statement of the case in plain concise language which will be read to the jury at the beginning of the trial. The purpose of the joint statement is to inform the jury what the case is about.

1   The parties are reminded that pursuant to Local Rule 281
2  they are required to list in the Joint Final Pretrial Conference
3  Statement all witnesses and exhibits they propose to offer at
4  trial.  After the name of each witness, each party shall provide
5  a brief statement of the nature of the testimony to be proffered.
6  The parties may file a joint list or each party may file separate
7  lists.  These list(s) shall not be contained in the body of the
8  Joint Final Pretrial Conference Statement itself, but shall be
9  attached as separate documents to be used as addenda to the Final
10  Pretrial Order.

11   Plaintiff's exhibits shall be listed numerically.
12  Defendants' exhibits shall be listed alphabetically.  The parties
13  shall use the standard exhibit stickers provided by the Court
14  Clerk's Office: pink for plaintiff and blue for defendant.  In
15  the event that the alphabet is exhausted, the exhibits shall be
16  marked "AA-ZZ" and "AAA-ZZZ" etc.  After three letters, note the
17  number of letters in parenthesis (i.e., "AAAA(4)") to reduce
18  confusion at trial.  All multi-page exhibits shall be stapled or
19  otherwise fastened together and each page within the exhibit
20  shall be numbered.  All photographs shall be marked individually.
21  The list of exhibits shall not include excerpts of depositions,
22  which may be used to impeach witnesses.  In the event that
23  Plaintiff and Defendants offer the same exhibit during trial,
24  that exhibit shall be referred to by the designation the exhibit
25  is first identified.  The Court cautions the parties to pay
26  attention to this detail so that all concerned, including the
27  jury, will not be confused by one exhibit being identified with
28  both a number and a letter.

1    The Final Pretrial Order will contain a stringent standard
2    for the offering at trial of witnesses and exhibits not listed in
3    the Final Pretrial Order, and the parties are cautioned that the
4    standard will be strictly applied.  On the other hand, the
5    listing of exhibits or witnesses that a party does not intend to
6    offer will be viewed as an abuse of the court's processes.

7    The parties also are reminded that pursuant to Rule 16 of
8    the Federal Rules of Civil Procedure it will be their duty at the
9    Final Pretrial Conference to aid the Court in: (a) the
10   formulation and simplification of issues and the elimination of
11   frivolous claims or defenses; (b) the settling of facts that
12   should properly be admitted; and (c) the avoidance of unnecessary
13   proof and cumulative evidence.  Counsel must cooperatively
14   prepare the Joint Final Pretrial Conference Statement and
15   participate in good faith at the Final Pretrial Conference with
16   these aims in mind.  A failure to do so may result in the
17   imposition of sanctions which may include monetary sanctions,
18   orders precluding proof, elimination of claims or defenses, or
19   such other sanctions as the Court deems appropriate.

20   VIII.  <u>TRIAL BRIEFS</u>

21   The parties shall file trial briefs not later than
22   **October 31, 2013.**  Counsel are directed to Local Rule 285
23   regarding the content of trial briefs.

24   IX.  <u>EVIDENTIARY AND/OR PROCEDURAL MOTIONS</u>

25   Any evidentiary or procedural motions are to be filed by
26   **October 24, 2013.**  Oppositions must be filed by **October 31, 2013,**
27   and any reply must be filed by **November 7, 2013.**
28   ///

9

1 | The motions will be heard by the Court at the same time as the
2 | Final Pretrial Conference.

3 | X.   TRIAL SETTING

4 | The trial is set for **January 13, 2014, at 9:00 a.m.**   Trial
5 | will be by jury.   The panel will consist of **eight (8) jurors.**
6 | The parties estimate a trial length of **seven (7) days.**

7 | XI.   SETTLEMENT CONFERENCE

8 | At the Final Pretrial Conference, the Court may set a
9 | settlement conference if the parties so request.   In the event no
10 | settlement conference is requested, the parties are free to
11 | continue to mediate or attempt to settle the case with the
12 | understanding that the trial date is a firm date.

13 | In the event a settlement conference is set by the Court,
14 | counsel are instructed to have a principal with full settlement
15 | authority present at the Settlement Conference or to be fully
16 | authorized to settle the matter on any terms.   At least seven (7)
17 | calendar days before the settlement conference, counsel for each
18 | party shall submit to the chambers of the settlement judge a
19 | confidential Settlement Conference Statement.   Such statements
20 | are neither to be filed with the Clerk nor served on opposing
21 | counsel.   Each party, however, shall serve notice on all other
22 | parties that the statement has been submitted.   If the settlement
23 | judge is not the trial judge, the Settlement Conference Statement
24 | shall not be disclosed to the trial judge.

25 | Notwithstanding the foregoing, the parties may request a
26 | settlement conference prior to the Final Pretrial Conference if
27 | they feel it would lead to the possible resolution of the case.
28 | ///

1   In the event an early settlement conference date is requested,

2   the parties shall file said request jointly, in writing.  The

3   request must state whether the parties waive disqualification,

4   pursuant to Local Rule 270(b), before a settlement judge can be

5   assigned to the case.  Absent the parties' affirmatively

6   requesting that the assigned Judge or Magistrate Judge

7   participate in the settlement conference AND waiver, pursuant to

8   Local Rule 270(b), a settlement judge will be randomly assigned

9   to the case.

10      XII. <u>VOLUNTARY DISPUTE RESOLUTION PROGRAM</u>

11      Pursuant to Local Rule 271 parties will need to lodge a

12   stipulation and proposed order requesting referral to the

13   Voluntary Dispute Resolution Program.

14      XIII. <u>MODIFICATION OF PRETRIAL SCHEDULING ORDER</u>

15      The parties are reminded that pursuant to Rule 16(b) of the

16   Federal Rules of Civil Procedure, the Pretrial Scheduling Order

17   shall not be modified except by leave of court upon a showing of

18   **good cause.**  Agreement by the parties pursuant to stipulation

19   alone to modify the Pretrial Scheduling Order does not constitute

20   good cause.  Except in extraordinary circumstances,

21   unavailability of witnesses or counsel will not constitute good

22   cause.

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

1    XIV.  <u>OBJECTIONS TO PRETRIAL SCHEDULING ORDER</u>

2        This Pretrial Scheduling Order will become final without

3  further order of the Court unless objections are filed within

4  seven (7) <u>court</u> days of service of this Order.

5        IT IS SO ORDERED.

6
   Dated: May 21, 2012

7

8                                    _____

9                                    MORRISON C. ENGLAND, JR.
                                     UNITED STATES DISTRICT JUDGE
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                12